OKLAHOMA WATER RESOURCES BOARD — AUTHORITY OVER SURPLUS AND UNAPPROPRIATED WATER The Oklahoma Water Resources Board has the authority to grant temporary or term permits on unappropriated waters within the State. The Oklahoma Water Resources Board does not have the authority to issue temporary or term permits where all of the available water has been withdrawn through proper statutory enactment or grant by the Oklahoma Water Resources Board. This would apply to those Federal projects where all of the available water has been withdrawn. It should be made clear that this opinion is in no way intended to conflict with those other statutes concerning the "use" of available water under a permit issued by the Oklahoma Water Resources Board. The issuance of a permit concerning surplus water under 82 O.S. 101 [82-101] (1971) would be within the purview of the administrative authority granted to the Oklahoma Water Resources Board under the authority granted by statute. Any review concerning a decision regarding surplus water is provided for by statute in the District Court of the County where the water is to be used. The Attorney General has considered your request for an opinion based on the following facts you outlined: "We have several locations where authorized Federal projects have withdrawn all of the available water, and in other instances projects have already been constructed but all of the available water has not been put to use. In most cases it is possible that it would be from 10 to 20 years or longer before all of the appropriated water would be put to use. "We feel that it would be in the best interest of the State if temporary or term permits could be issued which would allow for beneficial use of this water until such time as it is needed for the original project. Our published rules and regulations do provide for temporary permits not to exceed one year, however, we do not feel this adequate for our needs." Based on those facts you ask the following questions: "Whether or not under the language of the first two sentences of 82 O.S. 24 [82-24] and under the general authority of Sections 82 O.S. 25 [82-25] and 82 O.S. 101 [82-101], the Oklahoma Water Resources Board has the authority to issue temporary or term permits?" The answer to your questions will be treated in two parts for the purposes of clarity. Title 82 O.S. 21 [82-21] (1971) provides as follows: "Any person, firm, corporation, State or Federal Governmental Agency or subdivision thereof, intending to acquire the right to the beneficial use of any water, shall, before commencing any construction for such purposes, or before taking the same from any constructed works, make an application to the Oklahoma Water Resources Board for a permit to appropriate in the form required by the rules and regulations established by the Oklahoma Water Resources Board. Such rules and regulations shall, in addition to providing the form and manner of preparing and presenting the application, require that such application state all data necessary for the proper description and limitation of the right applied for, as to the amount of water and periods of annual use, together with such information, maps, field notes, plans and specifications as may be necessary to show the method and practicability of the construction and the ability of the applicant to complete the same. All such maps, field notes, plans and specifications shall be made from actual surveys and measurements and shall be retained in the office of the Oklahoma Water Resources Board after the approval of the application. The Oklahoma Water Resources Board may require additional information not provided in the general rules and regulations in cases involving the diversion of twenty-five cubic feet of water per second, or more, or the construction of a dam more than ten feet high from the foundation. Prior to issuing rules and regulations, the Water Resources Board must give notice by publication in a newspaper of general circulation in the State of Oklahoma of its intention to issue such rules and regulations, furnish copies thereof to any interested party and set a public hearing. At such hearing any interested party shall have the right to appear and be heard either in person or by attorney on such proposed regulations." Title 82 O.S. 22 [82-22] (1971) provides as follows: "The date of receipt of such application in the State Engineer's office shall be endorsed thereon and noted in his records. If the application is defective as to form or unsatisfactory as to feasibility or safety of plan, or as to the showing of the ability of the application to carry the construction to completion, it shall be returned with a statement of the correction, amendments or changes required, within thirty days after its receipt, and sixty days shall be allowed for the re-filing thereof. If re-filed, corrected as required, within such time, the application shall, upon being accepted, take priority as of date of its original filing, subject to compliance with the further provisions of the law and the regulations thereunder. Any corrected application filed after the time allowed shall be treated in all respects as an original application received on the date of its re-filing: Provided, that the plans of construction may be amended, with the approval of the State Engineer, at any time; but no such change shall authorize and extension of time for construction beyond five years from date of the permit, except as provided in Section 3654; Provided, Further, that a change in the proposed point of diversion of water from a stream shall be subject to the approval of the State Engineer, and shall not be allowed to the detriment of the rights of others having valid claims to the use of water from said stream." Title 82 O.S. 23 [82-23] (1971) provides as follows: "Upon the filing of an application which complies with the provisions of this Chapter and the rules and regulations established thereunder the Board shall instruct the applicant to publish within ninety days after the filing of the application, a notice thereof, at the applicant's expense, in a form prescribed by the Board in some newspaper of general circulation in the stream system, once a week for two consecutive weeks. Such notice shall give all the essential facts as to the proposed appropriation, among them, the places of appropriation and of use, amount of water, the purpose for which it is to be used, name and address of applicant and the time and place when the application will be taken up by the Oklahoma Water Resources Board for consideration. In case of failure to give such notice in accordance with the rules and regulations applicable thereto within the time required, or if such notice is defective, the application shall thereafter be treated as an original application as of the original date of the filing of the application, if proper notice shall be given within thirty days after the Board has given him notice of his failure to give effective and proper notice, and shall supersede any subsequent applications. Any interested party shall have the right to protest said application and present evidence and testimony in support of such protest." Title 82 O.S. 24 [82-24] (1971) provides: "After the hearing on the application the Board shall determine from the evidence presented by the parties interested, from such surveys of the water supply as may be available, and from the records, whether there is unappropriated water available for the benefit of the applicant, and the use to which applicant intends to put the water is a beneficial use and does not interfere with the beneficial use of water by other appropriators. If so, the Board shall approve the application, by issuing a permit to appropriate water, and shall state in such permit the time within which the water shall be applied to a beneficial use. In the absence of appeal as provided in this Title, the decision of the Board shall be final. After the effective date hereof, neither the making of a hydrographic survey, nor the bringing of a suit; nor a judicial adjudication of water rights shall be a condition precedent to the approval of applications and giving of permits as provided for in Chapter 1, Title 82, Oklahoma Statutes 1961, as now or hereafter amended." Title 82 O.S. 25 [82-25] (1971) provides as follows: "If, in the opinion of the Board, there is no unappropriated water available, it shall reject such application. The Board shall decline to order the publication of notice of any application which does not comply with the requirements of the law and the rules and regulations promulgated by it thereunder. Provided, (1) if an applicant can apply the water to the beneficial use or uses set out in his application, but can do so without waste only in an amount of water lesser than the amount applied for; or (2) if there is unappropriated water available, but in amount lesser than the amount for which an application is made, and said applicant can apply such lesser amount to the beneficial use or uses set out in such application without waste; and if the applicant shall in writing indicate his desire that his application be approved for such lesser amount within fifteen days after notice of such proposed action shall have been mailed to him by the Board, then said Board may approve said application for said lesser amount, otherwise such application shall be disapproved; Provided, that an applicant who has received such a notice, and who has indicated his desire that his application be approved in such lesser amount as set out in such notice, as hereinabove provided, shall not be deemed to have waived thereby his right to appeal from the action of the Board in refusing to approve his application for the full amount applied for. Any applicant may appeal from such decision of the Board, or from any other decision of the Board as provided by this title. Denial of an application shall not preclude a subsequent application." The Oklahoma Legislature by enactment of the above cited provisions has provided the method to distribute water rights within the State of Oklahoma. It is clear that the Legislature has authorized the Oklahoma Water Resources Board, as successors in interest of prior agencies, to issue permits to appropriate available water within the State. 67 C.J.S. 107 provides: "The powers and authorities of Boards, Commissioners, and other public bodies are usually defined and limited by law. Boards, Commissions, and other public bodies have only such power and authority as are expressly conferred by law or as arise from necessary implication, and any power sought to be exercised must be found within the four corners of the statute under which they proceed." A discussion of the powers of administrative Boards within the State of Oklahoma is found in the case of Oklahoma Tax Commission, et al. v. Fortinberry Co., Inc., et al., Okl., 207 P.2d 301 where the Court stated in the second syllabus: "In addition to the powers expressly given by statute to an officer or Board, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers." Concerning specifically the powers of the Oklahoma Water Resources Board to control "unappropriated public waters" and the relationship of the United States and their powers concerning waters within the State is found in the case of Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District, Okla., 464 P.2d 748 where the Court stated: "The provisions of 82 O.S. 91 [82-91] (1951), which authorize certain officers of the United States to procure an appropriation of `waters within the State', does not apply to private waters but solely to unappropriated public waters. 82 O.S. 25 [82-25] (1961). The State is without authority to transfer one man's property to another, but its power to control unappropriated public waters is plenary. . . ." Therefore, it appears clear that by statute as well as the findings of the Court that the Oklahoma Water Resources Board has total power to control unappropriated public waters. It must be remembered, however, that the Board can only act in such a manner as is directed by legislative authority, unless, as hereinbefore stated, there are implied powers granted to the Board within the wording of the statutes. In the case of 1700 Peoria, Inc. v. City of Tulsa, Okla., 422 P.2d 840, the Court stated: "The rule of construction of statutes and ordinances, to which all other rules are subordinate, is to ascertain the intention of the enacting body, and this should ordinarily be done by consideration of the language of the statute or ordinance, and the court should not read into a statute exceptions not made therein." A plain reading of the applicable statutes hereinbefore cited bear repeating as they are pertinent here. For example, 82 O.S. 24 [82-24] (1971), states in relevant part: "After the hearing on the application the Board shall determine from the evidence presented by the parties interested, from such surveys of the water supply as may be available, and from the records, whether there is unappropriated water available for the benefit of the applicant and the use to which applicant intends to put the water is a beneficial use and does not interfere with the beneficial use of water by other appropriators. If so, the Board shall approve the application, by issuing a permit to appropriate water, . . ." (Emphasis added) Title 82 O.S. 25 [82-25] (1971), states in relevant part: "If, in the opinion of the Board, there is no unappropriated water available, it shall reject such application. . . ." There appears to be no further direction or implied powers conferred within the statute granting to the Oklahoma Water Resources Board power to act upon other than unappropriated water. It is likewise clear, however, and reinforced by the Court's decision, that the Oklahoma Water Resources Board has plenary power in determining the issuance of water rights concerning unappropriated water. It is therefore the opinion of the Attorney General that your first question be answered as follows: That the Oklahoma Water Resources Board has the authority to grant temporary or term permits on unappropriated waters within the State. However, the Oklahoma Water Resources Board does not have the authority to issue temporary or term permits where all of the available water has been withdrawn through proper statutory enactment or grant by the Oklahoma Water Resources Board. This would apply to those Federal projects mentioned herein where all of the available water has been withdrawn. It should be made clear that this opinion is in no way intended to conflict with those other statutes concerning the "use" of available water under a permit issued by the Oklahoma Water Resources Board. Title 82 O.S. 101 [82-101] (9171) presents a slightly different situation than that contained under 82 O.S. 24 [82-24] and 82 O.S. 25 [82-25] discussed above. It is clear from a plain reading of this statute that the owner of any works for storage diversion or carriage of water, whether it be a private individual or a Federal project must deliver any surplus water at reasonable rates to the parties entitled to the use of the water for beneficial purposes as determined by the statutes of the State of Oklahoma and the Oklahoma Water Resources Board. The statute is quite explicit in providing a remedy for those aggrieved by not receiving such surplus water by directing redress through a District Court of the County in which the surplus water is to be used. It appears clear that the Oklahoma Water Resources Board would be the logical agency through which application for surplus water would be made. This would appear to be an administrative decision by the Board as to whether or not to issue a type of permit for this surplus water. Therefore, it is the opinion of the Attorney General that the issuance of a permit concerning surplus water under 82 O.S. 101 [82-101] would be within the purview of the administrative authority granted to the Oklahoma Water Resources Board under the authority granted by statute. As hereinbefore noted any review concerning a decision regarding surplus water is provided for by statute in the District Court of the County where the water is to be used. (Robert H. Mitchell)